**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| GERTRUDE ORLANDO, : | |
| : | CIVIL ACTION NO. 04-5085 (MLC) |
| Petitioner, : | |
| : | **MEMORANDUM OPINION** |
| v. : | |
| : | |
| UNITED STATES OF AMERICA, : | |
| : | |
| Respondent. : | |

**COOPER, District Judge**

This matter comes before the Court on two motions: the pro se motion of Gertrude Orlando ("petitioner") to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255; and the motion of the United States ("the government") to dismiss petitioner's motion for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). The underlying criminal case in this Court was United States v. Orlando, Crim. No. 02-936 (MLC), filed December 17, 2002. For the following reasons, issued without oral argument, see Fed. R. Civ. P. 78, the Court will deny petitioner's § 2255 motion, and will grant the government's motion to dismiss for failure to state a claim.[1]

---

[1] In addition to petitioner's Section 2255 motion ("Pet.") (civil docket no. 1), the record relevant to this petition includes: the indictment (crim. docket no. 1); petitioner's plea agreement ("Plea Agr.") (crim. docket no. 14); her Application for Permission to Enter Plea of Guilty (crim. docket no. 13); clerk's minute entry of Rule 11 plea hearing on 8-11-03 (crim.

**BACKGROUND**

Petitioner entered a plea of guilty to a charge of conspiracy to export from the United States more than 5 kilograms of cocaine, in violation of 21 U.S.C. § 963, on August 11, 2003. She was sentenced on October 24, 2003, to a term of 70 months imprisonment and five years of supervised release. (Jud. at 2-3.) The term of imprisonment was based upon the Court's guideline determination that she had a total offense level of 27 and criminal history category I. The sentence of 70 months was within the resulting guideline range of 70 to 87 months. (Sen. Tr. at 6-7, 13.)

The Judgment of Conviction was entered on October 24, 2003. Petitioner appealed, and the Court of Appeals affirmed on July 23, 2004. She did not seek a writ of certiorari, so the conviction became final 90 days later, on October 21, 2004. See Griffith v. Kentucky, 479 U.S. 314, 321, n.6 (1987); Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). On October 18, 2004, she filed this Section 2255 motion, which was timely

---

docket no. 12); the transcript of the plea hearing held on 8-11-03 (crim. docket no. 21); the presentence investigation report ("PSR"); the transcript of the sentencing hearing held on 10-21-03 ("Sen. Tr.") (crim. docket no. 22); the Judgment entered 10-24-03 ("Jud.") (crim. docket no. 16); Circuit Court opinion (crim. docket no. 25); certified copy of Circuit Court judgment entered 7-23-04 (crim. docket no. 26); Miller notice and order (civil docket no. 2); petitioner's letter brief in support of § 2255 petition (civil docket no. 6); and government motion to dismiss, with attached brief (civil docket no. 9).

under the one-year limitation period of 28 U.S.C. § 2244(d)(1). This Court issued petitioner a Miller notice by Order filed on October 20, 2004, to which she did not respond. Thereafter, the Court directed respondent to answer, and on October 25, 2005, respondent filed a motion in lieu of answer, seeking dismissal pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

## DISCUSSION

Under 28 U.S.C. § 2255:

> A prisoner in custody under sentence of a [federal] court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

This Court has jurisdiction under 28 U.S.C. § 1331. Petitioner has the burden of establishing any claim asserted in the motion. United States v. Abbott, 975 F. Supp. 703, 705 (E.D. Pa. 1997).

We read the petitioner's motion to assert two claims: (1) A so-called Booker claim, alleging that her sentence is unconstitutional because it was imposed under the pre-Booker determinate Federal Sentencing Guidelines scheme; and (2) a claim of deliberate indifference to her medical needs by the Federal Bureau of Prisons during her current imprisonment. Those claims are not cognizable in this Section 2255 motion, and therefore the

petition must be denied. This conclusion is based upon an examination of the record, which reveals no issues requiring an evidentiary hearing. See U.S. v. McCoy, 410 F.3d 124, 131-35 (3d Cir. 2005).

1.  Booker Claim

The record conclusively shows that petitioner's conviction became final, and this post-conviction collateral review was pending, before Booker was decided on January 12, 2005. United States v. Booker, 543 U.S. 220 (2005). The Court of Appeals for the Third Circuit has ruled that where, as here, a petitioner's case was pending on collateral review when Booker was decided, Booker cannot be applied retroactively to provide relief from a final conviction. Lloyd v. United States, 407 F.3d 608, 614 (3d Cir. 2005).[2]

2.  Deliberate Indifference Claim

Petitioner asserts that she has experienced deliberate indifference to her medical needs by prison officials while

---

[2] Although petitioner's Section 2255 motion invokes Blakely rather than Booker, having been filed before Booker was announced, the result is the same. As the Third Circuit pointed out in Lloyd:

> It is the date on which Booker issued, rather than the date on which Blakely issued, that is the "appropriate dividing line." ... Blakely ... reserved decision about the status of the Federal Sentencing Guidelines, and Booker established a new rule for the federal system.

Lloyd, 407 F.3d at 611, n.1 (citing McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005)).

4

serving her current federal term of imprisonment.  These contentions do not challenge the legality of her conviction and sentence, but rather the conditions of her confinement.  When challenging conditions of confinement, a federal prisoner's only recourse is to bring a civil rights claim under <u>Bivens v. Six Unknown Agents Of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).[3]  This Court does not have subject matter jurisdiction to consider a § 2255 request challenging conditions of confinement and thus, petitioner must bring a <u>Bivens</u> action to pursue such claims.

## **CONCLUSION**

Petitioner seeks relief under 28 U.S.C. § 2255, and the government moves to dismiss petitioner's motion.  Petitioner's motion will be denied for the reasons stated herein. The Court having thus determined that neither of petitioner's asserted grounds state a claim for relief under Section 2255, we will grant the government's Rule 12(b)(6) motion.

No certificate of appealability will issue pursuant to 28 U.S.C. § 2253(c).  <u>Cf.</u> Fed.R.App.P. 22; Local App.R. 22.2.  A certificate of appealability is issued "only if the applicant has

---

[3] Federal prisoners bringing civil rights claims must first exhaust their administrative remedies.  42 U.S.C. § 1997e(a); <u>see</u> <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001).  Even when a prisoner seeks relief not available in grievance proceedings, notably money damages, exhaustion is a prerequisite to suit.  <u>Id.</u> at 741.  However, if the prisoner is refused the opportunity to exhaust those administrative remedies, those remedies will be deemed exhausted.

made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); United States v. Cepero, 224 F.3d 256, 267-68 (3d Cir. 2000).  For the reasons discussed above, the petition does not assert constitutional claims that can be redressed in this Section 2255 motion.

An appropriate Order and Judgment will accompany this Memorandum Opinion.

   s/ Mary L. Cooper   
**MARY L. COOPER**
United States District Judge
